UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN MADELYN HAYES,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF YOLO,<br><br>Defendant. | No. 2:23-cv-00640-TLN-SCR<br><br><br>**ORDER** |

This matter is before the Court on Defendant County of Yolo's ("Defendant") Motion to Modify the Scheduling Order. (ECF No. 12.) Plaintiff Kristin Madelyn Hayes ("Plaintiff") filed an opposition. (ECF No. 14.) Defendant filed a reply. (ECF No. 16.) For the reasons set forth below, the Court DENIES Defendant's motion.

On March 3, 2023, Plaintiff initiated this employment discrimination action in Yolo County Superior Court. (ECF No. 1 at 8.) Plaintiff alleges she was wrongfully terminated from her employment at the Yolo County Sheriff's Office in retaliation for expressing support on social media for her brother's campaign for Sheriff. (*Id.* at 12–16.) Plaintiff brings state law claims under the California Labor Code and a federal claim under 42 U.S.C. § 1983 for violation of the First Amendment. (*Id.* at 16–22.)

On April 6, 2023, Defendant removed the action to this Court based on federal question jurisdiction. (*Id.* at 3.) Upon removal, the Court issued an Initial Pretrial Scheduling Order (the

1    "Scheduling Order"), which set deadlines moving forward.  (ECF No. 2.)  In relevant part, the

2    Scheduling Order states discovery would close no later than 240 days from the date upon which

3    the last answer may be filed with the Court.  (*Id.* at 2.)  The Scheduling Order also set the

4    dispositive motion deadline as no later than 180 days after the close of discovery.  (*Id.* at 4.)

5        On June 20, 2024, Defendant filed a motion for summary judgment.  (ECF No. 6.)  On

6    June 28, 2024, Plaintiff filed an *ex parte* application requesting the Court deny Defendant's

7    motion as untimely.  (ECF No. 8.)  Defendant filed a response.  (ECF No. 10.)  On July 3, 2024,

8    the Court denied Defendant's motion for summary judgment as untimely.  (ECF No. 11.)  The

9    Court explained that Defendant filed its answer in state court on April 4, 2023, and removed this

10   action on April 6, 2023.  (*Id.*)  Using the later date (the date of removal), the Court calculated the

11   discovery deadline as December 2, 2023 (240 days from the date of removal), meaning

12   dispositive motions were due not later than May 30, 2024 (180 days from the close of discovery).

13   (*Id.*)  Accordingly, the Court found Defendant's motion for summary judgment was untimely

14   because Defendant filed it approximately three weeks after the dispositive motion deadline.  (*Id.*)

15       On August 1, 2024, Defendant filed the instant motion pursuant to Federal Rule of Civil

16   Procedure ("Rule") 16, requesting the Court modify the dispositive motion deadline to allow

17   Defendant to file its motion for summary judgment.  (ECF No. 12.)  The Scheduling Order states

18   that, pursuant to Rule 16(b), the Scheduling Order "shall not be modified except by leave of court

19   upon a showing of good cause."  (ECF No. 209 at 7.)  The "good cause" standard primarily

20   considers the diligence of the party seeking the modification.  *Johnson v. Mammoth Recreations,*

21   *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation and quotations omitted).  "[C]arelessness is not

22   compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.*  "Although

23   the existence or degree of prejudice to the party opposing the modification might supply

24   additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons

25   for seeking modification."  *Id.*  "If that party was not diligent, the inquiry should end."  *Id.*

26       Defendant fails to persuade the Court that it has been diligent.  Defendant vaguely asserts

27   "there was unanticipated confusion in regard to the last day to file a dispositive motion."  (ECF

28   No. 12-1 at 1.)  However, as Plaintiff points out, Defendant correctly calculated the December 2,

1    2023, discovery deadline when it objected to Plaintiff's request for a deposition in April 2024.
2    (ECF No. 14-1 at 8–9.)  Defendant completely ignores this point in its reply and makes no effort
3    to explain why it was later unable to calculate the dispositive motion deadline correctly.
4        Defendant instead argues its motion for summary judgment may narrow the issues for
5    trial, which could save the parties and Court resources.  (ECF No. 12-1 at 4 (citing *Crane Const.*
6    *Co. v. Klaus Masonry*, 71 F. Supp. 2d 1138 (D. Kan. 1999).)  In *Crane*, a district court found that
7    allowing a case to proceed to trial over an untimely motion for summary judgment would be a
8    waste of judicial resources because the plaintiff "could never survive a Rule 50 challenge" and
9    there was "no entity against which it could enforce the judgment." 71 F. Supp. 2d at 1143.
10   Defendant does not provide meaningful analysis of *Crane*, nor does Defendant convince the
11   Court that Plaintiff's claims are futile.
12       In sum, the Court concludes Defendant was not diligent.  As Defendant previously
13   acknowledged, "parties must understand that they will pay a price for failure to comply strictly
14   with scheduling and other orders." (ECF No. 14-1 at 9 (citing *Wyles v. Sussman*, 445 F. Supp. 3d
15   751 (C.D. Cal. 2020) (citation omitted)).)  Therefore, the Court DENIES Defendant's Motion to
16   Modify the Scheduling Order. (ECF No. 12.)  The parties are ORDERED to file a Joint Status
17   Report not later than thirty (30) days from the electronic filing date of this Order indicating their
18   readiness to proceed to trial and proposing trial dates.
19       IT IS SO ORDERED.
20   **Date: October 14, 2024**

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE